## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

MARIA ALBALADEJO,    Case No.: 1:24cv24604

    Plaintiff,

vs.

PARTNERS FEDERAL CREDIT UNION,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC and EQUIFAX
INFORMATION SERVICES, INC.

    Defendants.

_____ /

## COMPLAINT
## JURY DEMAND

1.    Plaintiff, MARIA ALBALADEJO ("Plaintiff") by and through the undersigned counsel hereby brings this action against Defendants PARTNERS FEDERAL CREDIT UNION., EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, and EQUIFAX INFORMATION SERVICES, INC., for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* (hereinafter "FCRA") and as grounds thereof would allege as follows:

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

3.    Venue here is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in Miami-Dade County, Florida.

### PARTIES

4.    Plaintiff is a natural person who, at all times relevant to this action was a resident of Miami-Dade County, Florida.

5. Defendant, PARTNERS FEDERAL CREDIT UNION. ("PARTNERS FCU") is a Florida corporation, conducting business within the state of Florida with sufficient minimum contacts such that personal jurisdiction is established.

6. PARTNERS FCU's registered agent for service of process in the state of Florida is Monica Cosentino-Benedict, located at 13705 International Drive South, Orlando, FL 32821.

7. PARTNERS FCU uses instrumentalities of interstate commerce for the purpose of furnishing information on specific trade accounts to Consumer Reporting Agencies. Trans Union, Equifax, and Experian shall be collectively referred to as the "Credit Reporting Agencies" or the "CRAs."

8. These instrumentalities of interstate commerce are largely electronic, written, or telephonic communications which has effects on consumers and their credit reports within the state of Florida.

9. Defendant, Experian Information Solutions, Inc. ("Experian") is an Ohio corporation incorporated under the laws of the State of Delaware. Experian is authorized to do business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

10. Defendant, Transunion LLC ("Trans Union") is a limited liability company incorporated under the laws of the State of Delaware, whose members are citizens of the state of Illinois. Trans Union is authorized to do business in and regularly conducts business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

11. Defendant, Equifax Information Services, LLC is a Georgia limited liability company incorporated under the laws of the State of Delaware. Equifax is authorized to do business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

12. Partners FCU, Experian, Equifax, and Trans Union shall be collectively referred to as the "Defendants."

13. Experian, Equifax, and Trans Union shall be collectively referred to as the "Credit Reporting Agencies" or the "CRAs."

## FACTUAL ALLEGATIONS

14. Under the FCRA, the term "consumer report" generally refers to:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for:
>
> i. credit or insurance to be used primarily for personal, family, or household purposes;
>
> ii. employment purposes; or
>
> iii. any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d)(1).

15. The terms "consumer report", "credit report", and "consumer credit report" are used synonymously herein.

16. If a consumer believes their credit report is inaccurate or incomplete, one can dispute such reporting with the CRA that prepared it. The CRA is then obligated to conduct a "reasonable

reinvestigation to determine whether the disputed information is inaccurate," 15 U.S.C. § 1681i(a)(1)(A), considering "[a]ll relevant information submitted by the consumer." *Id.* § 1681i(a)(4).

17. "If the reinvestigation does not resolve the dispute," § 1681i(b) allows a consumer to "file a brief statement setting forth the nature of the dispute." If a consumer elects to do so, "unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof." *Id.* § 1681i(c). Negligent violations of these provisions are actionable under § 1681o; willful violations carry additional penalties and are actionable under § 1681n. *See Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 809 (7th Cir. 2023).

18. On December 18, 2023 Plaintiff filed a Chapter 7 Petition for Bankruptcy in the United States District Court for the Southern District of Florida, Case No. 23-20417-LMI (the "Petition").

19. The Petition included a secured debt Plaintiff had with PARTNERS FCU on the Schedule D portion. Plaintiff also had an unsecured debt with PARTNERS FCU, which is not a part of the claims asserted.

20. On March 30, 2024 Plaintiff received an order of discharge in connection with the Petition under 11 U.S.C. §727 ("Discharge").

21. After the Discharge, Plaintiff reviewed his available credit reports from the CRAs and noticed the account with PARTNERS FCU failed to report the payment history for the months in between the Petition and Discharge.

22. On or about July 29, 2024 Plaintiff tried to correct the information on the PARTNERS FCU accounts by sending a written dispute letter with the Discharge and the Certificate of Service attached ("Initial Dispute"). A true and correct copy of the Initial Dispute is attached as part of Composite Exhibit "A."

23. The Initial Dispute specifically requested a statement be added to Plaintiff's file that she never missed a payment during the bankruptcy, if the payment history was unable to be reported.

24. After the Initial Dispute, Plaintiff received results the following month and noticed PARTNERS FCU was neither reporting a payment history, nor was a statement added to her file.

25. After receiving the reinvestigation results, Plaintiff sent a second dispute to the CRAs, which was forwarded to PARTNERS FCU on or about September 27, 2024 ("Second Dispute".) A copy of the Second Dispute is attached as Exhibit "B."

26. The Second Dispute reiterated Plaintiff's Initial Dispute and reattached the relevant documents to show Plaintiff's payment history to PARTNERS FCU.

27. Despite Plaintiff's collective disputes to the CRAs the PARTNERS FCU account fails to show any payment history between the months of the Petition and Discharge.

28. Additionally, there is no notation that the account is in dispute despite the Initial Dispute and Second Dispute.

29. PARTNERS FCU and the CRAs have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("Inaccurate Information") after being put on notice of such inaccuracies in written disputes.

30. Upon receiving the Initial Dispute, Experian relayed that correspondence to PARTNERS FCU, who failed to conduct a reasonable investigation, and then furnished the PARTNERS FCU Inaccurate Information to Experian.

31. Upon receiving the Second Dispute, Experian repeated the process of relaying that correspondence to PARTNERS FCU who failed to conduct a reasonable investigation, and then furnished inaccurate information to Experian.

32. Upon receiving the Initial Dispute, Trans Union relayed that correspondence to PARTNERS FCU, who failed to conduct a reasonable investigation, and then furnished inaccurate information to Trans Union.

33. Upon receiving the Second Dispute, Trans Union repeated the process of relaying that correspondence to PARTNERS FCU who failed to conduct a reasonable investigation, and then furnished inaccurate information to Trans Union.

34. Upon receiving the Initial Dispute, Equifax relayed that correspondence to PARTNERS FCU, who failed to conduct a reasonable investigation, and then furnished inaccurate information to Equifax.

35. Upon receiving the Second Dispute, Equifax repeated the process of relaying that correspondence to PARTNERS FCU who failed to conduct a reasonable investigation, and then furnished inaccurate information to Equifax. Equifax responded by asking Plaintiff send in identifying documents when he had already sent that information twice.

36. Despite Plaintiff's collective disputes, PARTNERS FCU and the CRAs continued to report the Inaccurate Information and did not include the hidden payment history during the bankruptcy, the consumer statement requested by Plaintiff, or any notation that the PARTNERS FCU account was in dispute.

37. Upon receiving the Initial Dispute, Experian relayed that correspondence to Wells Fargo who failed to conduct a reasonable investigation, and then furnished the Wells Fargo Inaccurate Information to Experian.

38. Upon receiving the Second Dispute, Equifax relayed that correspondence to Wells Fargo who failed to conduct a reasonable investigation, and then furnished the Wells Fargo Inaccurate Information to Equifax. Equifax responded by asking Plaintiff send in identifying documents when he had already sent that information twice.

39. Upon receiving the Initial Dispute, Trans Union relayed that correspondence to Capital One who failed to conduct a reasonable investigation, and then furnished the Capital One Inaccurate Information to Trans Union.

40. Upon receiving the Second Dispute, Trans Union relayed that correspondence to Capital One who failed to conduct a reasonable investigation, and then furnished the Capital One Inaccurate Information to Trans Union.

41. Since the collective disputes have been sent to all Defendants, the Inaccurate Information regarding the PARTNERS FCU account has been published to third parties when Plaintiff has applied for credit.

42. These applications have either resulted in one or more denials of credit, or has affected Plaintiff's application(s) by providing an increased interest rate based on a reduced credit score.

43. Plaintiff now brings this action so his credit reports can accurately reflect his creditworthiness in future applications regarding the PARTNERS FCU, Wells Fargo, and Capital One accounts and to address harms that have already occurred despite his attempts to correct inaccuracies.

### COUNT I – VIOLATION OF 15 U.S.C. §1681s-2(b) AGAINST PARTNERS FCU FOR INITIAL DISPUTE

44. Plaintiff incorporates by reference his allegations in Paragraphs 1 – 8, 12, and 14 - 43 above.

45. PARTNERS FCU is a furnisher under the FCRA because it provides information concerning consumers to credit reporting agencies.

46. "If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer." *See* 15 U.S.C. §1681s-2(a)(3).

47. PARTNERS FCU violated 15 U.S.C. §1681s-2(a)(3) by failing to notify the CRAs that Plaintiff was disputing the accuracy or completeness of the auto loan account.

48. Because PARTNERS FCU failed to mark the account as disputed, it also violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's Initial Dispute. Additionally, PARTNERS FCU violated §1681s-2(b) by failing to accurately respond Plaintiff's dispute forwarded by the CRAs concerning the account PARTNERS FCU reported.

49. As a result of PARTNERS FCU's violations of the FCRA, Plaintiff suffered mental and emotional distress associated with the Inaccurate Information being sent to third parties, damage to reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

50. PARTNERS FCU negligently violated FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

51. Plaintiff is entitled to an award of prevail party attorney's fees pursuant to 15 U.S.C. §1681.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief

against PARTNERS FCU in the form of actual damages, statutory damages, punitive damages, Attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

### COUNT II – VIOLATION OF 15 U.S.C. §1681s-2(b) AGAINST PARTNERS FCU FOR SECOND DISPUTE

52. Plaintiff incorporates by reference the allegations in paragraphs 1 – 8, 12, and 14 - 43.

53. PARTNERS FCU is a furnisher under the FCRA because it provides information concerning consumers to credit reporting agencies.

54. "If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer." *See* 15 U.S.C. §1681s-2(a)(3).

55. PARTNERS FCU violated 15 U.S.C. §1681s-2(a)(3) by failing to notify the CRAs that Plaintiff was disputing the accuracy or completeness of the auto loan account.

56. Because PARTNERS FCU failed to mark the account as disputed, it also violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's Second Dispute. Additionally, PARTNERS FCU violated §1681s-2(b) by failing to accurately respond Plaintiff's dispute forwarded by the CRAs concerning the account PARTNERS FCU reported.

57. As a result of PARTNERS FCU's violations of the FCRA, Plaintiff suffered damage to reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

58. PARTNERS FCU negligently violated FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

59. Plaintiff is entitled to an award of prevail party attorney's fees pursuant to 15 U.S.C. §1681.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against PARTNERS FCU in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**COUNT III – VIOLATIONS OF 15 U.S.C. 1681i(c)**
**(AGAINST EXPERIAN FOR BOTH DISPUTES FORWARDED TO PARTNERS FCU)**

60. Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 9, and 12 - 43.

61. At all times relevant hereto, Experian is and was a "consumer reporting agency" as provided for under the FCRA.

62. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

63. During the relevant time frame, Experian received Plaintiff's Initial Dispute regarding the completeness or accuracy of the account reported by PARTNERS FCU on Plaintiff's credit report.

64. Additionally, Experian received Plaintiff's Second Dispute regarding the accuracy of the account reported by PARTNERS FCU on Plaintiff's credit report.

65. Experian violated 15 U.S.C. § 1681i(c) by failing to by failing to add the consumer statement requested by Plaintiff.

66. Experian's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

67. In the alternative, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

68. As a result of Experian's violation of the FCRA, Plaintiff suffered the loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit, damage to his reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Experian for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

### COUNT IV – VIOLATIONS OF 15 U.S.C §1681e(b) AGAINST EXPERIAN

69. Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 9, and 12 – 43.

70. At all times relevant hereto, Experian is and was a "consumer reporting agency" as defined by the FCRA.

71. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

72. Following Plaintiff's disputes, Experian was on notice of inaccuracies within Plaintiff's' credit file concerning the PARTNERS FCU account.

73. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

74. Any users of credit reports that viewed credit information containing the PARTNERS FCU, account were sent Inaccurate Information concerning Plaintiff with no consumer statement being added.

75. As a result of Experian's failures to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in his credit file, the loss of credit, loss of the ability to purchase and benefit from credit, mental and pain and anguish, damage to his reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Experian for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

## COUNT IV – VIOLATIONS OF 15 U.S.C. §1681i(c) AGAINST TRANS UNION FOR BOTH DISPUTES TO PARTNERS FCU

76. Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 10, and 12 – 43.

77. At all times relevant hereto, Trans Union was and is a "consumer reporting agency" as defined by the FCRA.

78. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

79. During the relevant time frame, Trans Union received Plaintiff's Initial Dispute regarding the accuracy of the account reported by PARTNERS FCU.

80. Additionally, Trans Union received Plaintiff's Second Dispute regarding the accuracy of the account reported by PARTNERS FCU.

81. Trans Union violated 15 U.S.C. § 1681i(c) by failing to add the consumer statement

requested by Plaintiff.

82. Trans Union violated 15 U.S.C. § 1681i(c) by failing to add the consumer statement requested by Plaintiff.

83. Trans Union's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

84. Alternatively, Trans Union negligently violated FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

85. Because of Trans Union's FCRA violations, Plaintiff suffered the loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit, damage to reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Trans Union for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

### COUNT V – VIOLATIONS OF 15 U.S.C. §1681e(b) AGAINST TRANS UNION

86. Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 10, and 12 - 43.

87. During the relevant time frame, Trans Union was and is a "consumer reporting agency as defined by the FCRA.

88. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

89. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

90. Any users of credit reports that viewed credit information containing the PARTNERS FCU, account were sent Inaccurate Information concerning Plaintiff with no consumer statement being added.

91. Because of Trans Union's FCRA violations, Plaintiff suffered the loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit, damage to his reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Trans Union for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

### COUNT VI – VIOLATIONS OF 15 U.S.C. §1681i
### AGAINST EQUIFAX FOR BOTH TO DISPUTES TO PARTNERS FCU

92. Plaintiff incorporates by reference the allegations in paragraphs 1 – 4 and 11 - 43.

93. During the relevant time frame, Equifax was and is a "consumer reporting agency" as defined by the FCRA.

94. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

95. Equifax received Plaintiff's Initial Dispute regarding the accuracy of the account reported by PARTNERS FCU.

96. Additionally, Equifax received Plaintiff's Second Dispute regarding the accuracy of the account reported by PARTNERS FCU.

97. Equifax violated 15 U.S.C. § 1681i(c) by failing to add the consumer statement requested by Plaintiff.

98. Equifax's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

99. In the alternative, Equifax negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

100. Because of Equifax's FCRA violations Plaintiff suffered the loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit, damage to his reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Equifax for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

### COUNT VII – VIOLATIONS OF 15 U.S.C. §1681e(b) AGAINST EQUIFAX

101. Plaintiff incorporates by reference the allegations in paragraphs 1 – 4 and 11 – 43.

102. During the relevant time frame, Equifax was and is a "consumer reporting agency" as defined by the FCRA.

103. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

104. Equifax violated 16811681e(b) by failing to establish or to follow reasonable

procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

105. Any users of credit reports that viewed credit information containing the PARTNERS FCU, account were sent Inaccurate Information concerning Plaintiff without the consumer statement being added.

106. Because of Equifax's FCRA violations Plaintiff suffered the loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit, damage to his reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Equifax for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

## JURY DEMAND

107. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**DEBT SHIELD LAW**
*/s/ Kevin Rajabalee, Esq.*
Fla. Bar. No. 119948
3440 Hollywood Blvd., Suite 415
Hollywood, FL 33021
Main: 754-800-5299
Direct: 954-667-3096
Fax: 305-503-9457
kevin@debtshieldlaw,com
dayami@debtshieldlaw.com
service@debtshieldlaw.com
*Attorneys for Plaintiff*

Case 1:24-cv-24604-KMW   Document 1   Entered on FLSD Docket 11/22/2024   Page 17 of 17